## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRYAN ALLEN SHOOK, *individually* | ) | |
| *and on behalf of all others similarly-situated* | ) | |
| 167 Presock Road | ) | |
| Greensboro, PA 15338 | ) | CIVIL ACTION NO. _____ |
| | ) | |
| Plaintiff, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| v. | ) | |
| | ) | |
| WRIGHT OF PENNSYLVANIA, LLC | ) | |
| 1200 Sharon Road, Suite 1 | ) | |
| Beaver, PA 15009; and | ) | |
| | ) | |
| W.D. WRIGHT CONTRACTING, INC. | ) | |
| 1200 Sharon Road, Suite 1 | ) | |
| Beaver, PA 15009 | ) | |
| | ) | |
| Defendants. | ) | |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Bryan Allen Shook ("Plaintiff") hereby brings this collective/class action against Defendant Wright of Pennsylvania, LLC ("Defendants WP") and Defendant W.D. Wright Contracting, Inc. ("Defendants W.D. Wright") (collectively, "Defendants"), and alleges, upon personal belief as to his own acts, and upon information and belief as to the acts of others, as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this complaint contending that Defendants have unlawfully failed to pay him and other similarly-situated individuals employed in the positions of Traffic Control Technician/Flagger and/or Traffic Control Field Supervisor ("Class Plaintiffs"), overtime compensation pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq.*

2.      Plaintiff is a current employee of Defendants who is employed in the position of Traffic Control Technician/Flagger.  During the course of their employment, Plaintiff and Class Plaintiffs regularly worked more than forty (40) hours per week, but were not properly compensated for their work in that Plaintiff and Class Plaintiffs were not paid an overtime premium at 1.5 times their regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.  In this regard, Plaintiff contends that Defendants unlawfully failed to pay him and Class Plaintiffs overtime compensation for certain compensable pre- and post-shift work as well as certain compensable travel time in violation of the FLSA and PMWA.

3.      Accordingly, Plaintiff contends that he and Class Plaintiffs are owed unpaid wages and overtime compensation which were denied to them as a result of Defendants' unlawful pay practices.

4.      Plaintiff brings this action as a representative action under the FLSA and PMWA for monetary damages and penalties, to seek redress for Defendants' willful, unlawful, and improper conduct.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."  See 29 U.S.C. § 216(b).

6.      This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7.      This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as Plaintiff's FLSA claims.

8.     The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

## PARTIES

9.     Plaintiff Bryan Allen Shook currently resides at 167 Presock Road, Greensboro, PA 15338.

10.     Upon information and belief, Defendant Wright of Pennsylvania, LLC, is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania, with a headquarters and office address registered with the Pennsylvania Secretary of State of 1200 Sharon Road, Suite 1, Beaver, PA 15009, and a primary office location at 134 Glendale Road, Beaver Falls, PA 15010.

11.     Upon information and belief, Defendant W.D. Wright Contracting, Inc. is a for-profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a headquarters and corporate office address registered with the Pennsylvania Secretary of State of 1200 Sharon Road, Suite 1, Beaver, PA 15009.

12.     Upon information and belief, Defendant W.D Wright Contracting, Inc. owns and operates Defendant Wright of Pennsylvania, LLC.

13.     Upon information and belief, Defendants Wright of Pennsylvania and W.D. Wright Contracting, Inc. are a joint, single, and/or integrated employer with respect to Plaintiff and Class Plaintiffs.  Upon information and belief, Defendants share employees (including, but not limited to Traffic Control Technicians/Flaggers and Traffic Control Field Supervisors employed in the Commonwealth of Pennsylvania), office space (including, but not limited to the same registered corporate address and operating locations within the Commonwealth of

3

Pennsylvania), equipment, management (including, upon information and belief, shared corporate officers such as President), and collectively assert control over their employees for purposes of hiring, firing, discipline, assigning, directing, and setting and enforcing payroll and other administrative policies.

14.     Upon information and belief, Defendants operate throughout the Commonwealth of Pennsylvania, including this judicial district.

15.     Defendants are "private employers" and covered by the FLSA.

16.     Plaintiff and, upon information and belief, Class Plaintiffs are employees who were employed by Defendants during all times relevant hereto and, as such, are employees entitled to the FLSA's protections.  See 29 U.S.C. § 203(e).

17.     At all times relevant hereto, Defendants acted or failed to act through their agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

18.     Paragraphs 1 through 17 are hereby incorporated by reference as though the same were fully set forth at length herein.

19.     This action is brought as a collective action to recover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former employees of Defendants.

20.     Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendants in the Commonwealth of Pennsylvania in the positions of Traffic Control Technician/Flagger and/or Traffic Control Field Supervisor or in positions with substantially

similar job duties who worked for Defendants at any point in the past three (3) years, were paid

on an hourly basis, and denied overtime compensation due to Defendants' failure to count certain

pre- and post-shift work and compensable travel time towards their total hours worked in

violation of the FLSA ("Class Plaintiffs").

21.     Plaintiff estimates that there are in excess of one hundred (100) other similarly-

situated Traffic Control Technician/Flaggers and Traffic Control Field Supervisors who either

are working or worked for Defendants in the Commonwealth of Pennsylvania and were

unlawfully denied overtime compensation at 1.5 times their "regular rate" of pay for hours

worked in excess of forty (40) in a workweek as a result of the unlawful practices described

above.  The precise number of employees can easily be ascertained by Defendants.  These

employees can be identified and located using Defendants' payroll and personnel records.  Class

Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or

publication.

22.     Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective

action because the Class Plaintiffs are similarly-situated.  Plaintiff and Class Plaintiffs were

similarly denied overtime compensation at their regular rate of pay as a result of Defendants'

failure to count certain pre- and post-shift work, as well as compensable travel time, towards

their total hours worked under the FLSA/PMWA, had the same or similar job classifications and

job duties, and were subject to the same uniform policies, business practices, payroll practices,

and operating procedures.  Further, Defendants' willful policies and practices, which are

discussed more fully in this Collective and Class Action Complaint, whereby Defendants have

failed to pay Class Plaintiffs an overtime premium based on 1.5 times their "regular rate" for all

hours worked over forty (40) hours in a workweek, have impacted Class Plaintiffs in the same fashion.

23.     Plaintiff will request the Court to authorize notice to all current and former similarly-situated employees employed by Defendants, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

## CLASS ACTION ALLEGATIONS

24.     Paragraphs 1 through 23 are hereby incorporated by reference as though the same were fully set forth at length herein.

25.     Plaintiff brings this action individually, and on behalf of the following state-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All persons presently or formerly employed by Defendants during the past three (3) years in the positions of Traffic Control Technician/Flagger and/or Traffic Control Field Supervisor, or in positions with substantially similar job duties, who were paid on an hourly basis and were denied overtime compensation due to Defendants' failure to count certain pre- and post-shift work and compensable travel time towards their total hours worked in violation of the PMWA.

26.     The members of the class are so numerous that joinder of all members is impractical.  Class members may be informed of the pendency of this Class Action by direct mail.

27.     Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Class, including, but not limited to:

      A.     Whether Plaintiff and the Class are entitled to overtime compensation for services rendered in excess of forty (40) hours per week under the PMWA;

B.     Whether the pre- and post-shift work performed by Plaintiff and Class Plaintiffs was/is compensable under the PMWA;

C.     Whether the time Plaintiff and Class Plaintiffs spent/spend traveling between Defendants' office and their first job assignment, and from their last job assignment back to Defendants' office is compensable time under the PMWA;

D.     Whether the time Plaintiff and Class Plaintiffs spent/spend traveling between job sites during the workday is compensable time under the PMWA;

E.     Whether Defendants failed to accurately track and maintain records of the hours worked by Plaintiff and the Class;

F.     Whether Plaintiff and the Class worked in excess of forty (40) hours per week; and

G.     Whether Plaintiff and the Class have suffered and are entitled to damages, and if so, in what amount; and

28.     Plaintiff's claims are typical of the claims of the Class members.  Plaintiff is a current employee of Defendants who is employed in the position of Traffic Control Technician/Flagger who has suffered similar injuries as those suffered by the Class members as a result of Defendants' failure to properly pay overtime compensation.  Defendants' conduct of violating the PMWA has affected Plaintiff and the Class in the same way.

29.     Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is similarly situated to the Class and has no conflict with the Class members.

30.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

31.     Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

A.      The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendants;

B.      Defendants, by failing to pay wages and overtime compensation when they became due and owing in violation of the PMWA, have acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

C.      The common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

32.     A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.  Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for

Defendants, and/or substantially impair or impede the ability of each member of the Class to protect his or her interests.

## **FACTUAL BACKGROUND**

33.     Paragraphs 1 through 32 are hereby incorporated by reference as though the same were fully set forth at length herein.

34.     Plaintiff Bryan Allen Shook first began his employment with Defendants on or around June 8, 2018, when he was hired a Traffic Control Technician/Flagger out of Defendants' Washington, PA Office at 1150 Washington Road, Washington, PA 15301.

35.     Plaintiff is paid on an hourly basis.

36.     Upon information and belief, all Traffic Controllers/Flaggers employed by Defendants are compensated on an hourly basis.

37.     Plaintiff and, upon information and belief, all Traffic Controllers/Flaggers employed by Defendants are classified by Defendants as "non-exempt" under the FLSA/PMWA.

38.     Upon information and belief, all Traffic Control Field Supervisors employed by Defendants are paid on an hourly basis.

39.     Upon information and belief, all Traffic Control Field Supervisors employed by Defendants are classified as "non-exempt" by Defendants under the FLSA/PMWA.

40.     As Traffic Control Technicians/Flaggers, Plaintiff and Class Plaintiffs' primary job duties include setting up and maintaining traffic warning signs, cones, barriers, and rumble strips, as well as holding up signs to direct the flow of traffic through construction areas.

41.     Upon information and belief, Defendants' Traffic Control Field Supervisors also perform the manual activities listed above in paragraph 40, while additionally facilitating communication with Defendants' clients, completing routine paperwork, and generally

overseeing the field work performed by Defendants' Traffic Control Technicians/Flaggers to ensure compliance with safety procedures and job specifications.

42.     In his capacity as Traffic Control Technician/Flagger, Plaintiff is required to drive a company vehicle (i.e. GMC Sierra) from his home in Greensboro, PA to Defendants' Washington, PA office location each work day.

43.     Defendants generally require Plaintiff to report to Defendants' Washington, PA office between one (1) and two (2) hours prior to scheduled start of their first job.

44.     By way of example, on March 18, 2019, the Scheduling Coordinator for Defendants' Washington, PA office, Justice Amene Ottey-Jones ("Ms. Ottey-Jones"), sent Plaintiff a text message instructing Plaintiff and another Traffic Control Technician named Jessica, along with a Traffic Control Field Supervisor named James Pascarelli, to report to Defendants' Washington, PA office on March 19, 2019 at 5:45 am in advance of a 7:00 am job.

45.     Upon information and belief, Defendants typically require all Traffic Control Technicians/Flaggers employed in Pennsylvania to report to their various office locations (i.e. Washington, PA, Beaver Falls, PA, Greensburg, PA, and/or York, PA) between one (1) and two (2) hours prior to the scheduled start of their first job.

46.     Upon information and belief, Defendants typically require all Traffic Control Field Supervisors employed in Pennsylvania to report to their various office locations (i.e. Washington, PA, Beaver Falls, PA, Greensburg, PA, and/or York, PA) between one (1) and two (2) hours prior to the scheduled start of their first job.

47.     Plaintiff and, upon information and belief, Class Plaintiffs are generally expected to report to Defendants' office location approximately fifteen (15) minutes before the time given by Defendants' Scheduling Coordinators.

48.     Once they arrive at Defendants' office location, Plaintiff and, upon information and belief, Class Plaintiffs are required to perform certain compensable work, including, but not limited to picking up their timesheets, reviewing paperwork to determine what equipment is needed for the day's job(s), loading equipment into the pickup truck, and occasionally attending meetings.

49.     Plaintiff, and other Class Plaintiffs who are assigned company vehicles, are also required to pick up their assigned partners.

50.     Plaintiff and, upon information and belief, Class Plaintiffs typically thus perform between five (5) and twenty (20) minutes of compensable pre-shift work at Defendants' office(s) each work day.

51.     Nevertheless, Plaintiff and, upon information and belief, Class Plaintiffs are not compensated for this pre-shift work, nor do Defendants count this pre-shift work towards Plaintiff's or Class Plaintiffs' total hours worked under the FLSA/PMWA.

52.     Plaintiff and, upon information and belief, Class Plaintiffs are then required to travel from Defendant's office location(s) to their first job site.

53.     Plaintiff and, upon information and belief, Class Plaintiffs are typically required to travel between forty-five (45) minutes to two (2) or more hours from Defendants' office to their first job site.

54.     Upon information and belief, approximately thirty percent (30%) to fifty percent (50%) of the time, Plaintiff and, upon information and belief, Class Plaintiffs are assigned multiple jobs during the day, requiring significant additional travel between job sites.

55.     At the end of the work day, Plaintiff and, upon information and belief, Class Plaintiffs are required to return to Defendants' office location(s), which typically involves

another forty-five (45) minutes to two (2) or more hours of travel time, in order to drop off their completed time sheets, unload and return equipment, and, for those charged with driving company vehicles, drop off their assigned partners.

56.     Plaintiff and, upon information and belief, Class Plaintiffs thus typically perform between five (5) and fifteen (15) minutes of compensable post-shift work at Defendants' office(s) each work day.

57.     Nevertheless, Plaintiff and, upon information and belief, Class Plaintiffs are not compensated for this post-shift work, nor do Defendants count this post-shift work towards Plaintiff's or Class Plaintiffs' total hours worked under the FLSA/PMWA.

58.     The time Plaintiff and Class Plaintiffs spent/spend traveling from Defendants' office(s) to their first job site, between job sites, and from their final job to back to Defendants' office(s) is "travel that is all in the day's work" within the meaning of the FLSA and PMWA. See 29 C.F.R § 785.38.

59.     However, despite the compensability of Plaintiff's and Class Plaintiffs' travel time as set forth above, Defendants did not/does not compensate Plaintiff and Class Plaintiffs for all the hours they spend thus traveling.

60.     Rather, it is Defendants' policy and practice to pay Plaintiff and Class Plaintiffs a maximum of one (1) hour of travel time, which Plaintiff and Class Plaintiffs receive only if their actual travel time is equal to or exceeds one (1) hour.

61.     For example, if Plaintiff or, upon information and belief, Class Plaintiffs were to travel for fifty-five (55) minutes from the office to their first job site, they would not be compensated, nor would Defendants count that time toward their total hours worked under the FLSA/PMWA.

62.     By way of another example, if Plaintiff or, upon information and belief, Class Plaintiffs were to travel for two (2) hours from the office to their first job site, they would only be compensated for one (1) hour of travel time.

63.     By failing to accurately track and compensate Plaintiff and, upon information and belief, Class Plaintiffs, for the time they spend/spent performing pre-shift and post-shift work, and for traveling from Defendants' office(s) to their first job, between jobs, and from their final job back to Defendants' offices, Defendants have failed to pay Plaintiff and, upon information and belief, overtime compensation in violation of the FLSA/PMWA.

64.     Plaintiff estimates that, as a result of the unlawful pay practices of Defendants described above, he and Class Plaintiffs have been denied compensation for approximately eight (8) to ten (10) hours per week.

65.     Because Plaintiff and Class Plaintiffs are typically scheduled to work close to if not in excess of forty (40) hours per week (excluding the aforementioned pre- and post-shift work and travel time), the vast majority of these unpaid hours are owed to Plaintiff and Class Plaintiffs at an overtime rate.

66.     By way of example, during the workweek of March 24, 2019 to March 31, 2019, Plaintiff estimates that, in addition to working approximately thirty-six (36) hours on job sites, he spent an additional forty-five (45) minutes performing pre-shift work, approximately seven (7) hours traveling from the office to his job sites and back again, and approximately thirty minutes (30) performing post-shift work, for a total of more than eight (8) hours of uncompensated work.

67.     Despite thus working approximately forty-four (44) hours, Plaintiff did not receive any overtime compensation for the hours he worked over forty (40).

68.     Plaintiff and other employees have complained to Defendants, including, but not limited to Tom Mansfield ("Mr. Mansfield"), the Operations Manager of the Washington, PA Office, about Defendants' failure to properly compensate Plaintiff and Class Plaintiffs for their pre- and post-shift work and travel time.

69.     However, rather than denying that Plaintiff or Class Plaintiffs are entitled to payment for this time, Defendants' management responded by asserting that it is the responsibility of Defendants' customers, rather than Defendants, to pay Plaintiff and Class Plaintiffs for this time.

70.     Despite the fact that Plaintiff and, upon information and belief, Class Plaintiffs, regularly worked/work approximately eight (8) to ten (10) additional hours of overtime per week as a result of the above-referenced pre- and post-shift work and travel time, they did not/do not receive overtime compensation at a rate not less than 1.5 times their regular rate of pay for all hours thus worked over forty (40) in a workweek.

71.     Defendants failed to track and maintain accurate records of the regular and overtime hours worked by Plaintiff and, upon information and belief, Class Plaintiffs, per day and per week as required by the FLSA.  See 29 C.F.R. § 516.2.

72.     Defendants were aware that Plaintiff and, upon information and belief, Class Plaintiffs were/are working significant overtime hours without properly receiving overtime compensation as aforesaid.

73.     Plaintiff and Class Plaintiffs are/were compensated on an hourly basis and, as such, do not qualify for the exemptions from overtime for executive, administrative, or professional employees under the FLSA/PMWA.

74.     Plaintiff and Class Plaintiffs did not/do not have the authority to hire, fire, or discipline other employees of Defendants, nor did/do they make recommendations with respect to employee status changes to which Defendants give substantial weight.

75.     As a result, Plaintiff and Class Plaintiffs do not satisfy the duties requirements for the exemption for executive employees under the FLSA/PMWA.

76.     Plaintiff and Class Plaintiffs did not/do not perform work directly related to Defendants' management or general business operations, nor did/do they exercise discretion or independent judgment regarding matters of significance to Defendants.

77.     Accordingly, Plaintiff and Class Plaintiffs do not meet the duties requirements for the exemption for administrative employees under the FLSA/PMWA.

78.     Plaintiff's and Class Plaintiffs' primary duty did not/does not include the performance of work predominately intellectual in nature requiring advanced knowledge in a field of science or learning acquiring through a prolonged course of intellectual instruction.  In this regard, Plaintiff's and Class Plaintiffs' job duties did not/does not require the consistent exercise of discretion and judgment, as distinguished from the performance of routine mental, manual, and mechanical work.

79.     Accordingly, Plaintiff and Class Plaintiffs do not meet the duties requirements for the exemption for learned professionals under the FLSA/PMWA.

80.     Upon information and belief, Plaintiff and, upon information and belief, Class Plaintiffs exclusively drove non-commercial vehicles, i.e. vehicles weighing less than ten thousand (10,000) pounds.

81.     Thus, to the extent Defendants can be classified as a "motor carrier," which Plaintiff denies, Plaintiff was not, and, upon information and belief, Class Plaintiffs who were

tasked with driving company vehicles were not, exempt from the payment of overtime

compensation due to the Small Vehicle Exception to the Motor Carrier Exemption.  See 29

U.S.C. § 13(b)(1); see also McMaster v. E. Armored Servs., 780 F.3d 167, 169-72 (3d Cir.

2015).

82.     Finally, there are no other exemptions under the FLSA and/or PMWA which

could arguably be applicable to Plaintiff or Class Plaintiffs.

83.     Plaintiff and Class Plaintiffs are/were, within the meaning of the FLSA and

PMWA, non-exempt employees of Defendants and therefore entitled to overtime compensation

for all hours they worked over forty (40) in a workweek.

84.     As a result of Defendants' aforesaid illegal actions, Plaintiff and Class Plaintiffs

have suffered damages.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C § 201, et seq.**
**FAILURE TO PAY OVERTIME COMPENSATION**

85.     Paragraphs 1 through 84 are hereby incorporated by reference as though the same

were fully set forth at length herein.

86.     Pursuant to Section 206(b) of the FLSA, employees must be compensated for

every hour worked in a workweek.

87.     Moreover, under Section 207(a)(1) of the FLSA, employees must be paid

overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of

forty (40) hours per week.

88.     Defendants failed to accurately track and maintain records of all hours worked by

Plaintiff and Class Plaintiffs.

89.     As a result, Defendants failed to pay Plaintiff and Class Plaintiffs overtime compensation for all hours worked over forty (40) in a workweek at 1.5 times their regular rate of pay.

90.     The foregoing actions of Defendants and the policies and practices of Defendants violate the FLSA.

91.     Defendants' actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

92.     Defendants are liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE,** Plaintiff prays for the following relief on behalf of himself and Class Plaintiffs;

A.     An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.     An Order from the Court ordering Defendants to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all persons presently or formerly employed by Defendants in the positions of Traffic Control Technician/Flagger, Traffic Control Field Supervisor, or in positions with substantially similar job duties, who worked for Defendants in the Commonwealth of Pennsylvania at any point in the past three (3) years, were paid on an hourly basis, and were denied overtime compensation due to Defendants' failure to count certain pre- and post-shift work and compensable travel time towards their total hours worked in violation of the FLSA, and authorizing Plaintiff's counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the

nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendants during the liability period, but were not paid overtime compensation at 1.5 times their regular rate of pay as required by the FLSA;

C.    Adjudicating and declaring that Defendants' conduct as set forth herein and above is in violation of the FLSA;

D.    Adjudicating and declaring that Defendants violated the FLSA by failing to pay overtime compensation to Plaintiff and Class Plaintiffs for work performed in excess of forty (40) hours per week;

E.    Awarding Plaintiff and Class Plaintiffs back pay wages and/or overtime wages in an amount consistent with the FLSA;

F.    Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

G.    Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

H.    Awarding pre- and post-judgment interest and court costs as further allowed by law;

I.    Granting Plaintiff and the Class Plaintiffs leave to add additional Plaintiff by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

J.    For all additional general and equitable relief to which Plaintiff and the Class Plaintiffs may be entitled.

**COUNT II**
**PENNSYLVANIA MINIMUM WAGE ACT OF 1968**
**43 P.S. § 333,** *et seq.*
**FAILURE TO PAY OVERTIME COMPENSATION**

93.     Paragraphs 1 through 92 are hereby incorporated by reference as though the same were fully set forth at length herein.

94.     The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to their employees.  See 43 P.S. § 333.113.

95.     The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek.  See 43 P.S. § 333.113.

96.     By their actions alleged above, Defendants have violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation and for failing to properly pay Plaintiff and Class Plaintiffs for all hours work.

97.     As a result of Defendants' unlawful acts, Plaintiff and Class Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiff, on behalf of himself and the Class Plaintiffs, prays for judgment against Defendants as follows:

A.     An Order certifying this case as a class action and designating Plaintiff as the representative of the Class and his counsel as class counsel;

B.     An award to Plaintiff and Class Plaintiffs for the amount of unpaid overtime compensation to which they are entitled, including interest thereon, and penalties subject to proof;

19

C.      An award to Plaintiff and Class Plaintiffs of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

D.      An award to Plaintiff and Class Plaintiffs for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all issues so triable.


Respectfully submitted,

**MURPHY LAW GROUP, LLC**


By:      */s/ Rachel Rebecca Stevens*
         Rachel Rebecca Stevens, Esquire
         PA Attorney I.D. No. 307819
         Eight Penn Center, Suite 2000
         1628 John F. Kennedy Blvd.
         Philadelphia, PA 19103
         TEL: 267-273-1054
         FAX: 215-525-021
         rstevens@phillyemploymentlawyer.com
         Attorneys for Plaintiff

Dated:   June 18, 2019

## **DEMAND TO PRESERVE EVIDENCE**

The Defendants are hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's and Class Plaintiffs' employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.